**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01549-SVW-PLA | Date | April 2, 2019 |
|---|---|---|---|
| Title | *Optional Capital, Inc. et al v. DAS Corporation et al.* | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     IN CHAMBERS ORDER GRANTING EX PARTE APPLICATION TO REMAND [18]

### I.    Introduction

On March 4, 2019, Defendant DAS Corporation ("DAS") filed a Notice of Removal of Plaintiffs' state court action, on the grounds that Plaintiffs' state law claims for conversion, fraudulent transfer, and receiving stolen property raised federal questions. Dkt. 1. On March 11, 2019, Plaintiff Optional Capital, Inc. ("Optional") filed an ex parte application to remand the case to state court. Dkt. 18.

### II.    Standard of Review

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal pursuant to 28 U.S.C. § 1441. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). District courts within the Ninth Circuit "strictly construe the removal statute against removal jurisdiction" and reject removal "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018)

|  | : |
|---|---|
| Initials of Preparer | PMC |

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01549-SVW-PLA | Date | April 2, 2019 |
|---|---|---|---|
| Title | *Optional Capital, Inc. et al v. DAS Corporation et al.* | | |

(citations omitted). The defendant seeking removal "bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

## III.    Analysis

The parties spend extensive time belaboring the long and complicated procedural history of the dispute between Optional and DAS. The Court need not address those facts and will focus instead on the basis for removal articulated by DAS in its Notice of Removal.

### A.        Federal Question Jurisdiction

To determine whether a federal question is raised by a state court case, courts look to the "well-pleaded complaint rule," which identifies federal jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiffs' operable First Amended Complaint in the state court action, see Dkt. 18-1 (the "FAC"), sets forth three state law claims without any indication of the existence of a federal question.

DAS argues that a federal question is raised by Optional's attempt to "collaterally attack" the judgment in the related federal consolidated action, titled *United States of America v. Real Property Located at 475 Martin Lane, Beverly Hills, California, et al.*, Case Nos. CV 04-2788-ABC, 04-3386-ABC, 05-3910-ABC (C.D. Cal.) (the "Forfeiture Action"). The FAC references the Forfeiture Action numerous times, but it is apparent that Optional relies upon the Forfeiture Action only in reference to the alleged actions taken by DAS during the litigation of the Forfeiture Action to convert Optional's property.

Even if resolution of Plaintiffs' claims could involve an analysis of the orders and judgment in the Forfeiture Action, Plaintiffs' causes of action do not depend upon an invalidation or altered reading of any orders in the Forfeiture Action. For the fraudulent transfer claim, Plaintiffs could prevail simply by showing that DAS was the recipient of a transfer of $13 million from Alexandria Investments LLC, a company Optional alleges owes a $33 million debt to Optional, for the purpose of avoiding having to repay the debt to Optional. Similarly, for the conversion and receipt of stolen property claims, Optional pursues those claims against DAS on a theory of conspiracy, which merely requires a showing that DAS participated in the conspiracy. Thus, any collateral attacks on the rulings in the Forfeiture Action would merely be an alternative and expedited basis to resolve Plaintiffs' claims, which is insufficient to confer

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01549-SVW-PLA | Date | April 2, 2019 |
|---|---|---|---|
| Title | *Optional Capital, Inc. et al v. DAS Corporation et al.* | | |

federal question jurisdiction in this Court. *See Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990) ("The fact that an alternative theory of relief exists for each claim alleged in the complaint, one not dependent upon federal law, is itself grounds to defeat federal question jurisdiction.") (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988)). Indeed, even the California Court of Appeal recognized, in an earlier appeal overturning the dismissal of Plaintiffs' case against DAS, that "Optional is not seeking to enforce its judgment in the Optional federal court action with the instant state court action, but rather to impose a constructive trust on the funds that DAS misappropriated." *Optional Capital, Inc. v. DAS Corp.*, 222 Cal. App. 4th 1388, 1402 (2014).

To the extent that *DAS* seeks to rely on any judgments in the Forfeiture Action as a defense to Plaintiffs' state law claims through a theory of collateral estoppel, it is well settled that affirmative defenses based on federal law are not sufficient to create a federal question sufficient to allow the defendant to remove the action to federal court. *See, e.g.*, *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable.") (citations omitted); *Rivet v. Regions Bank of La.*, 522 U.S. 470, 478 (1998) ("[C]laim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal under § 1441(b). Such a defense is properly made in the state proceedings . . . ."). And DAS's reliance on the All Writs Act, for purposes of a remedy against Optional's alleged abuse of process in attempting to use the Forfeiture Action to its advantage, is insufficient to confer federal jurisdiction upon this Court. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Because the All Writs Act does not confer jurisdiction on the federal courts, it cannot confer the original jurisdiction required to support removal pursuant to § 1441.").

Finally, the "act of state" doctrine is of no help to DAS. DAS has not asserted the act of state doctrine as a defense to Plaintiffs' claims in this action in state court, and, as noted above, even if DAS did advance such an argument, removal cannot be had solely in light of an affirmative defense based in federal law. Substantively, Optional does not seek relief in the state court action that would invalidate an official act of a foreign sovereign, which is necessary for the act of state doctrine to apply. *See, e.g.*, *W.S.. Kirkpatrick & Co., Inc. v. Envt'l Tectonics Corp., Int'l*, 493 U.S. 400, 405 (1990) ("In every case in which we have held the act of state doctrine applicable, the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory."). Although the acts of a prosecutor from Switzerland in lifting a freeze on funds in a bank account, the contents of which were later held to be Optimal's property, was the act that allowed DAS to take possession of the $13 million at issue in the state court case, Optional's

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01549-SVW-PLA | Date | April 2, 2019 |
|---|---|---|---|
| Title | *Optional Capital, Inc. et al v. DAS Corporation et al.* | | |

relief sought in the state court action would not affect the Swiss prosecutor's decision and would merely be to make Optional whole for DAS's misappropriation of Optional's property.

In sum, there is no federal question jurisdiction raised on the face of the FAC in light of the judgments and orders issued in the Forfeiture Action.

### B.       Timeliness of Removal

Even if the course of Optional's conduct in the underlying state court action raised federal questions appropriate for resolution in this Court, DAS's attempt to remove Plaintiffs' state law case is untimely. The federal removal statute states that, if an initial complaint does not assert a federal question, a defendant may remove to federal court with 30 days of the defendant's receipt of an amended document "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

DAS argues that the earliest date Plaintiffs' case became removable was February 18, 2019, when Optional filed a motion in limine to exclude consideration of any orders or decisions in the Forfeiture Action except for the 2013 judgment which determined that Optional was the owner of the funds in controversy. Dkt. 1 at 3. This argument is plainly incorrect. DAS amended its complaint in the state court case following the 2013 judgment, so DAS was on notice as early as 2014 that Optional intended to rely on the Forfeiture Action in some capacity. Not only is DAS wrong that this action raises a federal question, but the arguments upon which DAS relies were available as soon as the FAC was filed in 2014. The subsequent orders issued by Chief Judge Phillips in the Forfeiture Action denying Optional's attempt to hold DAS in contempt are unrelated to DAS's asserted bases for federal jurisdiction. And even if Optional's characterization of the final judgment in the Forfeiture Action is one that would require DAS to divest the $13 million it received during the Forfeiture Action, DAS knew of Optional's position in that regard on July 23, 2018, the date on which Optional filed its motion for an order to show cause as to why DAS should not be held in contempt for violating the final judgment.

DAS's attempt to remove Plaintiffs' state court action over 5 years after the issuance of a final judgment in the Forfeiture Action and on the eve of trial before the state court is untimely, providing a procedural basis to reject DAS's removal even if a federal question did exist.

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01549-SVW-PLA | Date | April 2, 2019 |
|---|---|---|---|
| Title | *Optional Capital, Inc. et al v. DAS Corporation et al.* | | |

## IV. Conclusion

For the reasons set forth above, DAS has failed to satisfy its burden to show that this Court has jurisdiction over a federal question in Plaintiffs' state law action or that DAS's attempt to remove the action was timely. Therefore, Optional's ex parte application to remand this action to state court is GRANTED.

IT IS SO ORDERED.

                                                                                :
                                                    _____        _____
                                                    Initials of Preparer          PMC